UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SCOTT THOMAS SLOMCZEWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:12-CV-188 |
| | ) | (VARLAN/SHIRLEY) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

This civil matter is before the Court on the United States' Motion to Dismiss [Doc. 6]. The United States, as defendant, requests the Court to dismiss the action for lack of subject matter jurisdiction. Plaintiff, appearing *pro se*, has responded to the motion [Doc. 15]. For the reasons stated herein, defendant's motion [Doc. 6] will be **GRANTED** and plaintiff's claims against the United States will be **DISMISSED**.

**I.     Facts**

This dispute arises from plaintiff's treatment while a patient at the Cherokee Health System, Washburn Medical Center ("CHS") in Washburn, Tennessee, during the period of 2007 through February 2011 (Doc. 1-1 at 3-7). During this time period, plaintiff alleges that he received improper treatment from CHS and its employees, including wrongful charging for services he should not have received and for prescriptions he did not need, as well as a lack of communication from several of the doctors with whom plaintiff interacted [*Id.* at 7].

On January 13, 2012, plaintiff filed a complaint against CHS and several staff members in the Circuit Court for Grainger County, seeking nine million dollars and other various forms of relief [*Id.* at 9]. In April 2012, the United States identified CHS as a federally funded medical facility as set forth in 42 U.S.C. § 233(g) and the medical staff named in the complaint as operating within the scope of their federal employment at the time of the alleged events [Doc. 7 at 2]. The United States removed the matter to this Court, and the Court substituted the United States for all previously named defendants on May 2, 2012 [Doc. 5]. The United States then filed the present motion [Doc. 6], seeking dismissal for lack of subject matter jurisdiction under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* ("FTCA").

## II.     Analysis

### A.     Standard of Review

A complaint may be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), a motion to dismiss based on lack of subject matter jurisdiction "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). "A *facial* attack is a challenge to the sufficiency of the pleading itself" and "the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235–37 (1974)). "A *factual* attack, on the other hand, is . . . a challenge to the factual existence of subject matter jurisdiction." *Id.* at 598. With a factual attack, "no

presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (citation omitted). In reviewing factual motions, "a trial court has wide discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). The plaintiff bears the burden of proving that jurisdiction exists. *Gorno Bros.*, 410 F.3d at 881; *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). If the plaintiff fails to meet his burden of proving jurisdiction, a motion to dismiss must be granted. *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007) (quoting *Moir*, 895 F.2d at 269).

As plaintiff in this case is appearing *pro se*, the Court notes that, generally, the allegations of a complaint drafted *pro se* are held to less stringent standards than those drafted by attorneys. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to *pro se* litigants has limits," *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996), and courts have not been "willing to abrogate basic pleading essentials in *pro se* suits," *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing cases). A plaintiff, even one who is proceeding *pro se*, must comply with the basic requirements set forth in Rule 8(a), which, among other requirements, require that a pleading contain "a short and plain statement of the grounds upon which the court's jurisdiction depends . . . ." *Bryant v. U.S. Atty. Gen.*, No. 1:06-CV-64, 2006 WL 2612730, at *1 (E.D. Tenn. Sept. 8, 2006); Fed. R. Civ. P. 8(a). Additionally, a plaintiff is prohibited from "simply referenc[ing] a federal statute or

3

constitutional provision in order to invoke the limited jurisdiction of a federal court." *Bryant*, 2006 WL 2612730, at *3.

   B.   **The FTCA**

In its motion to dismiss [Doc. 6], the United States claims that plaintiff is attempting to assert a tort claim that amounts to medical malpractice and must comply with the requirements of the FTCA in order for this Court to have jurisdiction, thereby attacking the factual basis for which this Court has jurisdiction. The United States contends that plaintiff has not met the requirements of the FTCA because he has not exhausted the administrative claim requirement and therefore dismissal is appropriate.[1]

It is well-established law that the United States, as sovereign, may not be sued without its specific consent. *Ellison v. United States*, 531 F.3d 359, 361 (6th Cir. 2008) (citing *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). While the United States has consented to be sued through the FTCA, its consent, as well as a court's jurisdiction to hear the case, is limited to the conditions imposed by Congress under which suits are to be permitted. *See Sherwood*, 312 U.S. at 586-587; *Ashbrook v. Block*, 917 F.2d 918, 922 (6th Cir. 1990) ("Congress may define the conditions under which suit will be permitted.") (quotations omitted).

Section 2675(a) of the FTCA sets forth the administrative claim requirement for a claim that falls within the provisions of the statute, providing in pertinent part:

---

[1] Although plaintiff submitted a response to the United States's motion [Doc. 15], the response largely focuses on factual allegations rather than substantively responding to the United States's claim that plaintiff has not met the requirements of the FTCA for the Court to exercise jurisdiction.

4

> "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act of omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal Agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."

28 U.S.C. § 2675(a). Courts have held that the requirement of exhaustion of administrative remedies is a jurisdictional prerequisite to the filing of an action under the FTCA. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Joelson v. United States*, 86 F.3d 1413, 1422 (6th Cir. 1996); *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1991).

In support of its motion to dismiss, the United States submitted the affidavit of Meredith Torres, an attorney with the Office of the General Counsel of the Department of Health and Human Services ("Health and Human Services") [Doc. 8]. In the affidavit, which has not been contested by plaintiff, Ms. Torres testified that CHS is covered under the FTCA and that CHS's employees are Public Health Service Employees for purposes of the statute [*Id.* ¶ 5]. Ms. Torres further testified that any claim filed against CHS would be maintained by Health and Human Services, and that a search of the claims system did not reveal any administrative tort claim filed by plaintiff against CHS [*Id.* ¶¶ 2, 3].

Plaintiff does not contend that he has filed an administrative tort claim with Health and Human Services or that the requirements of the FTCA have otherwise been satisfied. Nor does plaintiff contend that the administrative filing requirement is

5

inappropriate under the circumstances of this case.  Plaintiff has not complied with the administrative filing requirement of the FTCA, and as a result plaintiff has failed to meet his burden of demonstrating that this Court has jurisdiction over his claims against the United States.  Accordingly, dismissal of plaintiff's claims against the United States is appropriate in this case.

## III.     Conclusion

For the reasons discussed, the United States' motion to dismiss [Doc. 7] will be **GRANTED**.  Plaintiff's claims against the United States will be **DISMISSED**, and this matter will be **CLOSED**.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

6

Case 3:12-cv-00188-TAV-CCS   Document 26   Filed 01/28/13   Page 6 of 6   PageID #: 123